**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MINNIE SHULMAN,** | ) | **CASE NO.  1: 16 CV 0107** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **CHASE HOME FINANCE LLC, *et al.,*** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

**Background**

    *Pro se* Plaintiff Minnie Shulman has filed this action against Defendants Chase Home Finance, LLC, M&T Bank, and Chase Bank Corporation  in connection with a foreclosure action brought against her in the Cuyahoga County Court of Common Pleas.  The Court of Common Pleas Docket shows that a state judgment of foreclosure was entered against the Plaintiff in connection with her property located at 120 Fox Hollow, Suite #401, Mayfield Heights, Ohio, and that the property was subsequently sold at sheriff's sale.  *Chase Home*

*Finance, LLC v. Mindy May Shulman*, Case No. CV-10-727085.

 In her Complaint, the Plaintiff alleges violations of the Truth in Lending Act, the Fair Credit Reporting Act, and the Telephone Consumer Protection Act in connection with Defendants' attempts to collect on her mortgage, and she asks the Court to "Vacate the Judgment of Foreclosure" and all other monetary judgments against her in the Cuyahoga County Court of Common Pleas, "Quiet Title of the subject property to [her]," and award her $1.75 million in damages.

The Plaintiff has also filed a motion to stay "all proceedings related to her ownership and occupancy" of the property, including any eviction proceedings pending against her in Lyndhurst Municipal Court.  (Doc. No. 3.)

The Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted; however, for the reasons stated below, her motion to stay is denied and her action is dismissed.

## Analysis

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal district courts are required to screen and dismiss before service any *in forma pauperis* action the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).   The Plaintiff's Complaint fails to state any claim on which relief may be granted.

First, the Plaintiff's alleged claims are barred by the doctrine of *res judicata*, which

provides that "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013).  Under the doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).  A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.  *Id*.

These criteria are satisfied here.  A state judgment of foreclosure was entered in connection with the Plaintiff's property; (2) this lawsuit involves the same parties or their privies as the state foreclosure action; (3) the Plaintiff could have litigated the claims she seeks to raise in this case in the state action; and (4) her claims arise out of the same "transaction or occurrence" as the state action, *i.e.*, her mortgage loan and Chase Home Finance's entitlement to foreclose.  Accordingly, the Plaintiff's claims are barred.  *See, e.g.*, *Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773-74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims under the FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

Second, the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, which provides that "lower federal courts lack subject matter jurisdiction to review the decisions of

-3-

state courts." *See Givens v. Homecomings Financial*, Case No. 07-2359, 278 Fed. App'x 607, 2008 WL 2121008, at * 1 (6th Cir. May 20, 2008). *Rooker-Feldman* precludes "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This Court cannot grant the relief the Plaintiff seeks in her Complaint without disturbing the Ohio state court's foreclosure judgment; therefore, the Court lacks subject-matter jurisdiction over the claim under *Rooker-Feldman. See Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x 487, 490 (6th Cir. 2005) (affirming dismissal of claims resting on premise that state foreclosure judgment was invalid).

Finally, the Court will not interfere with any pending state eviction proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To the extent eviction or other state proceedings are pending against the Plaintiff in connection with her ownership or occupancy of property, all three factors supporting abstention are present. The matters presented in the Plaintiff's Complaint implicate important state interests, *see Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003); and there is no indication the Plaintiff could not raise valid federal concerns in the context of the state proceedings.

-4-

**Conclusion**

For all of the reasons stated above, the Plaintiff's motion to stay (Doc. No. 3) is denied and her Complaint is dismissed pursuant to 28 U.S.C. §1915(e).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**


s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** February 1, 2016